**The FLUOR CORPORATION, Ltd.,**
**Plaintiff-Appellant,**

v.

**CARPENTERS DISTRICT COUNCIL OF HOUSTON AND VICINITY AND MILLWRIGHTS LOCAL NO. 2232, Defendant-Appellee.**

**No. 28260**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 8, 1970.

John B. Holstead, John H. Smither, Houston, Tex., for plaintiff-appellant; Vinson, Elkins, Searls & Connally, Houston, Tex., of counsel.

Thomas J. Mitchell, Houston, Tex., for defendant-appellee; Mitchell & Doran, Houston, Tex., of counsel.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The Fluor Corporation, Ltd. (Fluor), appeals from an order of the United States District Court for the Southern District of Texas staying an action, previously filed by Fluor, pending arbitration.[1] Suit had been brought

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804,

under Section 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a), against Carpenters District Council of Houston and Vicinity and Millwrights Local No. 2232 for breach of the "no-strike" provisions contained in a collective bargaining agreement between Fluor and the United Brotherhood of Carpenters and Joiners of America (National Agreement) and two agreements between local contractors and appellee unions (Local Agreements). The district court held that Fluor was contractually bound to arbitrate the dispute. It found that the National Agreement[2] did not expressly require the arbitration of a claim for damages for breach of the "no-strike" clause, but held that arbitration was required by the broad provisions of the Local Agreements.[3] We agree that the provisions of the Local Agreements are binding on Fluor[4] and that

they require arbitration of the instant dispute as a quid pro quo for the "no-strike" agreement by the Unions.[5]

On appeal Fluor renews the contention, made and rejected in the district court, that the National Agreement and the Local Agreements are in conflict on the question of arbitration since independent application of each leads to a different result. It contends that a supremacy clause in the National Agreement negates any inconsistent arbitration requirements in the Local Agreements. The district court properly determined that the conflict. alleged by Fluor is illusory and that the arbitration provisions of the Local Agreements must fairly be read to supplement the arbitration clause of the National Agreement.

Accordingly, the order of the district court is affirmed.

Part I; and Huth v. Southern Pacific Company, 5th Cir. 1969, 417 F.2d 526, Part I.

2. The National Agreement provides:
   The employer agrees there will be no lockout and the Union agrees there will be no stoppage of work or any strike of its members either collectively or individually until said dispute or misunderstanding has been referred to the International Office of the Union and the Home Office Representative of the Employer.

3. The Local Agreements provide:
   All disputes other than those pertaining to wage rates and jurisdictional disputes that may arise on any job covered by this agreement shall be handled in the following manner without permitting the grievance to interfere in any way with the progress and prosecution of the work.

4. As the district court stated in its opinion:
   Although the plaintiff is not named as a party to the Local Agreements, it is doubtless bound by their provisions. In fact plaintiff stated in its Original Petition that the Local Agreements were in-

corporated by reference into the National Agreement, and plaintiff later stated in its Reply Brief that these contracts supplement the National Agreement. Clearly the National Agreement entered into between the plaintiff and the United Brotherhood of Carpenters and Joiners of America, AFL-CIO, did not attempt to establish all of the conditions of employment but contemplates that other conditions of employment are to be determined by such Local Agreements entered into by the various contractors and local union that are affiliated with the Brotherhood of Carpenters and Joiners of America, AFL-CIO, as are the present defendants.
   We do not understand Fluor to contend in this appeal that it is not bound by the provisions of the Local Agreement, except insofar as it alleges that the arbitration clauses are superceded by the National Agreement.

5. Compare Drake Bakeries, Inc. v. Local 50, Am. Bakery etc. Workers, 370 U.S. 254, 82 S.Ct. 1346, 8 L.Ed.2d 474 (1962), and Atkinson v. Sinclair Refining Co., 370 U.S. 238, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962).